IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COREY ESTES,

        Petitioner,

v.                                                    Civil action no. 5:06CV165
                                                    Criminal action no. 5:05CR13-01
                                                      (JUDGE STAMP)

UNITED STATES OF AMERICA,

        Respondent.

**REPORT AND RECOMMENDATION THAT § 2255 MOTION BE GRANTED ONLY AS TO THAT PART OF GROUND FOUR ALLEGING HIS COUNSEL FAILED TO FILE A NOTICE OF APPEAL AS REQUESTED**

## I. Introduction

On December 29, 2006, *pro se* petitioner filed a Motion Under U.S.C. **§** 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. A report and recommendation was entered July 11, 2007, that the motion be denied except that an evidentiary hearing be held only as to that part of ground four alleging his counsel failed to file notice of appeal as requested. An evidentiary hearing was held October 29, 2007. Testimony was taken from petitioner, his former local counsel, Kevin L. Neiswonger, Esquire, his former counsel, Charles C. Amato, Esquire, and Petitioner's cousin, Mark Anthony Nelson.

## II. Findings of Fact

Petitioner was sentenced December 22, 2005 to 262 months imprisonment. Only the petitioner and his local counsel were present. Unlike any other adversary evidentiary hearing I have ever held, the testimony of petitioner and his counsel was precisely the same as to what took place after sentence was pronounced. Both testified that petitioner told counsel to appeal. Counsel believed petitioner did not understand that petitioner had just prevailed in the contested

part of the sentencing hearing when the court ruled that petitioner was not a career criminal. Therefore, counsel concluded that petitioner did not want to appeal. Counsel's belief was based upon earlier discussions prior to sentencing in which counsel advised petitioner that he had waived the right to appeal and the only basis for appeal would be if petitioner was sentenced as a career criminal. When petitioner prevailed at sentencing on the career criminal issue, counsel believed petitioner did not understand he had won the contested part of the sentencing. Counsel believed petitioner did not want to appeal. Petitioner did want to appeal and so instructed his counsel. I find petitioner instructed his counsel to file an appeal. While it is both reasonable and understandable why counsel believed petitioner did not want to appeal, the fact is his counsel did not file the appeal as instructed.

### III. Conclusions of Law

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel per se - irrespective of the merits of the appeal. Evitts v. Lucey,

469 U.S. 387, 391-405 (1985). The remedy is to vacate the original judgment and enter a new judgment from which an appeals can be taken. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

### IV. Recommendation

I recommend Petitioner's original judgment be vacated and a new judgment entered.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely

file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:  November 5, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE