```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

COREY ESTES,

        Petitioner,

v.                                   Civil Action No. 5:06CV165
                                  (Criminal Action No. 5:05CR13-01)
UNITED STATES OF AMERICA,                  (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S**
**SECOND REPORT AND RECOMMENDATION,**
**OVERRULING AS MOOT THE MAGISTRATE JUDGE'S**
**FIRST REPORT AND RECOMMENDATION,**
**GRANTING PETITIONER'S PETITION AS TO GROUND FOUR,**
**DENYING AS MOOT WITHOUT PREJUDICE TO REFILING**
**THE PETITIONER'S PETITION**
**AS TO GROUNDS ONE, TWO AND THREE,**
**VACATING THE JUDGMENT IN THIS ACTION AND**
**DIRECTING THE UNITED STATES PROBATION OFFICE**
**TO PREPARE JUDGMENT AND COMMITMENT ORDER**

I.   Procedural History

Pro se[1] petitioner, Corey Estes, filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The petitioner stated four grounds for relief based upon allegations of ineffective assistance of counsel. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation recommending that the petitioner's petition be denied on all grounds, except that claiming ineffective assistance of counsel for failure to file and appeal as instructed (that is, ground four), because the petitioner knowingly, intelligently, and voluntarily waived the right to attack the sentence on grounds one through three.

The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. After obtaining two extensions of time for filing objections, the last of which set the deadline for such objections on September 11, 2007, the petitioner filed untimely objections on September 14, 2007.

In the meantime, the magistrate judge held an evidentiary hearing on the petitioner's claim that counsel failed file an appeal as requested. After that hearing, the magistrate judge issued a report recommending that the § 2255 petition be granted only as to the issue of ineffective assistance of counsel for failure to file an appeal. The report further recommends that the petitioner's original judgment be vacated and a new judgment be entered from which the petitioner may take an appeal. The magistrate judge again informed the parties that any objections to the report and recommendation must be in writing and filed within ten days from the entry of the report and recommendations. No

objections have been filed to this second report and recommendation.

For the reasons discussed below, this Court finds that the second report and recommendation should be affirmed and adopted in its entirety. Consequently, the magistrate judge's first report and recommendation must be overruled as moot, and the petitioner's § 2255 petition must be granted as to ground four and denied without prejudice as grounds one, two, and three.

## II. Facts

The petitioner is currently serving a 262-month period of imprisonment for conspiracy to distribute in excess of five kilograms of cocaine and fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A) and 846. On December 29, 2006, the petitioner filed a petition for habeas corpus under 28 U.S.C. § 2255. In a memorandum filed on January 11, 2007 in support of that petition, the petitioner claimed that his petition should be granted on four grounds, all of which arise from allegations that he received ineffective assistance of counsel. Specifically, the petitioner alleges the following grounds for relief: ground one--ineffective assistance of counsel for counsel's failure to move for dismissal because the petitioner was not involved in a conspiracy; counsel's failure to object to jurisdiction in the Northern District of West Virginia; counsel's failure to object because of entrapment; and counsel's erroneous advice to the petitioner to enter a plea; ground two--ineffective

3

assistance of counsel for counsel's failure to object to the imposition of sentence using the advisory guidelines in violation of United States v. Booker, 543 U.S. 220 (2005); counsel's failure to provide the sentencing court with all relevant information to impose an appropriate sentence; and counsel's failure to object to the U.S. prosecutor and probation officer for not providing all relevant information; ground three--ineffective assistance of counsel for counsel's failure to argue for a departure; and prosecutorial misconduct; and ground four--ineffective assistance of counsel for counsel's failure to file an appeal upon petitioner's request; and failure to provide petitioner with a complete copy of his file.

The magistrate judge issued two reports and recommendations in this action. In the first, the magistrate judge recommends that the petition be denied and dismissed as to grounds one, two, and three be denied and dismissed because all of the claims asserted in these three grounds arise out of events that occurred before the petitioner entered his guilty plea and because the petitioner knowingly, intelligently, and voluntarily waived his right to appeal or to collaterally attack his conviction and sentence. In the second, the magistrate judge recommends that the petition be granted as to ground four because the petitioner's counsel failed to file a notice of appeal although instructed to do so by the petitioner.

4

III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed objections to the first report and recommendation, this Court would normally undertake a <u>de novo</u> review of the matters before it. However, because this Court's disposition of the second report and recommendation renders moot the matters addressed in the first report and recommendation, and because no objections were filed to the second report and recommendation, this Court reviews the matters before it for clear error.

As noted above, all of the petitioner's asserted grounds for relief are based upon a claim of ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must demonstrate the two requirements established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, a petitioner must show that his or her counsel's conduct fell below an objective standard of reasonableness. <u>Id.</u> at 687-91. Second, a petitioner must show that a reasonable probability exists that the outcome of the proceedings would have been different "but for counsel's unprofessional errors." <u>Id.</u> at 694. Each of the claims asserted

5

by the petitioner in this action must therefore be evaluated under the Strickland requirements.

IV. Discussion

As the magistrate judge correctly noted in his second report and recommendation, counsel for a criminal defendant provides per se ineffective assistance when the defendant instructs counsel to file an appeal and counsel fails to do so irrespective of the merits of the appeal. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). The remedy in such cases is to vacate the original judgment and enter a new judgment from which an appeal can be taken. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Here, the petitioner and his counsel both testified at the evidentiary hearing that the petitioner instructed his counsel to appeal. Counsel also testified that based upon his previous conversations with the petitioner and the fact that the petitioner had prevailed in the contested part of the sentencing hearing concerning the petitioner's status as a career offender, he believed the petitioner did not in fact want to appeal. Although the magistrate judge found that under the circumstances, counsel's belief was both reasonable and understandable, counsel's failure to file an appeal as instructed was per se ineffective. This Court finds no clear error in the magistrate judge's findings. Accordingly, the second report and recommendation must be affirmed and adopted in its entirety, the petitioner's § 2255 must be

granted on ground four, and the judgment must be vacated and a new judgment entered from which the petitioner may take an appeal.

Based upon the disposition of the second report and recommendation, this Court finds that the matters addressed in the first report and recommendation are now moot. Accordingly, the first report and recommendation will be overruled as moot, and the petitioner's § 2255 petition as to grounds one, two, and three will be denied as moot without prejudice to refiling if the United States Court of Appeals for the Fourth Circuit reverses the petitioner's sentence on appeal.

V. Conclusion

For the foregoing reasons, this Court AFFIRMS AND ADOPTS the second report and recommendation (Doc. 260) in its entirety and OVERRULES AS MOOT the first report and recommendation (Doc. 241). Accordingly, the petitioner's the petitioner's claims filed pursuant to 28 U.S.C. § 2255 are GRANTED in part and DENIED in part. Specifically, it is ORDERED that the § 2255 petition be GRANTED as to ground four. It is further ORDERED that as to grounds one, two, and three, the § 2255 petition be DENIED AS MOOT WITHOUT PREJUDICE to refiling if the United States Court of Appeals for the Fourth Circuit reverses the petitioner's sentence on appeal. It is further ORDERED that the judgment entered by this Court on December 22, 2005 be VACATED so that an amended judgment may be entered from which the petitioner may file an appeal. The United States Probation Office is hereby DIRECTED to prepare an

amended judgment in accordance with this order.  Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), the petitioner has ten days after the entry of the amended judgment within which to file a notice of appeal.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail, to counsel of record herein, and to the United States Probation Office.

DATED:   June 19, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE